IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------x
                                    :
CHARLOTINE DUVERGE                  :        3:10 CV 1922 (JGM)
                                    :
v.                                  :
                                    :
UNITED STATES OF AMERICA            :
                                    :        DATE: MARCH 25, 2015
-------------------------------------------------x
```

<u>ORDER REGARDING APPEARANCE FOR PLAINTIFF</u>

On December 7, 2010, plaintiff Charlotine Duverge, who was an inmate at the Federal Correctional Institution in Danbury, Connecticut ["FCI Danbury"] at the time the allegations in her complaint occurred, commenced this action <u>pro se</u> under the Federal Tort Claims Act ["FTCA"], 28 U.S.C. § 2671, alleging injuries arising out of treatment by her counselor surrounding an asthma attack on May 4, 2008, and the medical treatment received thereafter.  (Dkt. #1).  Specifically, plaintiff alleges that her counselor caused her to suffer an asthma attack, injured her arm and shoulder, and gave her an overdose of asthma medication, which caused her to have a mild heart attack.  (<u>Id.</u> at 2-4).  She also alleges that following this incident, "[d]ue to the lack of due diligence and delay in access to proper medical treatment, [she] suffered, and continues to suffer[,] . . . severe pain and numbness in her entire [right] side[.]" (Dkt. #1, at 5).

On May 25, 2011, U.S. District Judge Janet Bond Arterton filed an Initial Review Order in which she permitted plaintiff the "opportunity to address the government's response to her [FTCA] claims."  (Dkt. #4, at 2-3).  On September 9, 2011, defendant filed its Answer (Dkt. #7), along with a Motion to Transfer Venue to the District of Minnesota as plaintiff was incarcerated at FCI Waseca at the time of filing the complaint.  (Dkts. ##8-9; <u>see</u> Dkts. ##11, 13-14).  Judge Arterton denied defendant's motion, staying and administratively

closing the case while plaintiff remained in Waseca.  (Dkt. #15).  Consistent with Judge Arterton's order, discovery proceeded (see Dkt. #15; see also Dkts. ##17-20), and on July 11, 2012, plaintiff was released, and she relocated to Massachusetts.  (See Dkt. #21; see also Dkt. #24).

On October 17, 2012, Attorney Carl E. Cella filed an appearance for plaintiff, followed shortly thereafter by Attorney John R. Williams filing his appearance for plaintiff on November 27, 2012; on December 7, 2012, the case was reopened.  (Dkts. ##22-25, 27). Between March and May 2013, both counsel withdrew their appearances, plaintiff filed her pro se appearance, and the parties consented to the jurisdiction of this Magistrate Judge; the case was transferred accordingly.  (Dkts. ##31-36, 38-42).  In granting both attorneys' Motions to Withdraw Appearance on May 29, 2013, this Magistrate Judge advised the pro se plaintiff that if she "want[ed] the Court to attempt to find a pro bono attorney for her, she should file a notice to that effect[.]" (Dkt. #42).  Consistent with the Magistrate Judge's electronic order, on June 10, 2013, the pro se plaintiff filed her Motion to Appoint Counsel (Dkt. #44), which was granted one week later, with a request to the Court's Staff Attorneys to "make reasonable efforts to obtain pro bono counsel to represent plaintiff." (Dkts. ##44-45).  From June 2013 through September 2013, the Staff Attorneys made significant efforts to find counsel for plaintiff.  On August 28, 2013, the pro se plaintiff filed a motion seeking a settlement conference; two talented attorneys, Attorneys William J. Cass and Nicholas Andrew Geiger, were appointed as pro bono counsel for settlement purposes only on September 10, 2013; a settlement conference was held before U.S. Magistrate Judge Thomas P. Smith on December 11, 2013, at which no settlement was reached.  (Dkts. ##48-57). The day after the settlement conference, that is December 12, 2013, Attorneys Cass and

Geiger filed their Motions to Withdraw as Attorney, which were granted that same day. (Dkts. ##58-60).

The following three months were devoted to the filing and briefing of defendant's Motion for Summary Judgment, which was denied by this Magistrate Judge on April 7, 2014. (Dkts. ##62-68).   See 2014 WL 1366194.   On April 21, 2014, plaintiff filed her Motion Requesting to Proceed Pro Se [and] Requesting an Immediate Trial Date or a Telephonic Conference.  (Dkt. #69).  Again, after substantial efforts, the Staff Attorneys were able to find another attorney who was appointed as pro bono counsel for plaintiff on July 18, 2014. (Dkt. #70).  On October 6, 2014, a telephonic status conference was held, at which the Court requested that, as a courtesy to the Court and to newly appointed counsel, defense counsel send copies of plaintiff's prison medical records to plaintiff's counsel, despite having sent copies to plaintiff and her prior attorneys; defense counsel promptly forwarded these copies eleven days later.  (Dkts. ##71-75).   Plaintiff's newly appointed pro bono counsel was instructed to "notify the Magistrate Judge's Chambers once [he] has had an opportunity to review plaintiff's underlying medical records from BOP."  (Dkt. #73).   In early December 2014, plaintiff's pro bono counsel advised the Court that in light of the large number of documents, he expected that he would need until "early spring" to inspect all the documents thoroughly.

Despite the presence of continuing snow banks on the side of the road after a particularly relentless and brutal winter, "early spring" is upon us.  In the absence of any further response from plaintiff's pro bono counsel for more than three-and-one-half months, even after voice messages were left for him by Chambers, on March 3, 2015, this Magistrate Judge ordered counsel to file a status report "either jointly or individually," by March 20,

2015.  (Dkt. #76).  Two days later, defense counsel promptly filed his Status Report, in which he indicated that since forwarding the medical records to plaintiff's pro bono counsel, defense counsel "has not had any substantive discussion concerning this case with appointed counsel for the plaintiff."  (Dkt. #77).  Plaintiff's pro bono counsel has failed to file his status report.

Despite the efforts of plaintiff, defense counsel, and the Court, in the more than eight months since pro bono counsel's appointment on July 18, 2014, the only activities in the file have been a brief telephone conference and defense counsel graciously forwarding another complete copy of plaintiff's medical records to plaintiff's counsel.  This case cannot remain inactive forever.[1]

Accordingly, **on or before April 30, 2015**, one of the following must occur: (1) plaintiff's pro bono counsel files his Status Report, communicates with his client and discusses fully the merits of the lawsuit, and then contacts both defense counsel and the Court to schedule a continued status conference; (2) plaintiff's pro bono counsel files a Motion for Relief from Appointment consistent with all the provisions of Local Rule 83.10(d); or (3) plaintiff herself files a Motion for Discharge pursuant to Local Rule 83.10(e).[2]

Dated this 25th day of March, 2015, at New Haven, Connecticut.

    /s/ Joan G. Margolis, USMJ   
Joan Glazer Margolis
United States Magistrate Judge

---

[1]Under Local Rule 83.10(c)1 & 3, an attorney appointed to serve in a pro bono capacity is obligated to "promptly communicate with his . . . client[,]" and to "discuss fully the merits of the dispute" his client.

[2]In the thirty years in which the undersigned has been privileged to serve as a federal judicial officer, this is the first time she has filed an order like this one.