IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
CHARLOTINE DUVERGE      :   3:10 CV 1922 (JGM)
:
v.                      :
:
UNITED STATES OF AMERICA :
:   DATE: JANUARY 19, 2016
------------------------------------------------------x

## RULING ON DEFENDANT'S PENDING MOTIONS

The factual and procedural history behind this litigation has been set forth in considerable detail in this Magistrate Judge's Ruling on Defendant's Motion for Summary Judgment, filed April 7, 2014 (Dkt. #68) and Order Regarding Appearance for Plaintiff, filed March 25, 2015 (Dkt. #78)["March 2015 Order"].[1] Plaintiff has been represented by multiple attorneys (both privately retained and court-appointed), who subsequently withdrew their appearances, and at times she appeared pro se; her current attorney was appointed by the Court on July 18, 2014. (Dkts. ##22-23, 32-33, 35-36, 38-39, 41-42, 44-45, 51-53, 58-59, 69-70, 73). Suffice it to say, even with court-appointed counsel, discovery has not proceeded smoothly here. (See Dkts. ##73-80, 82-84). Under the latest scheduling order (Dkt. #83), all discovery, including expert discovery, was to be completed by December 31, 2015 and all dispositive motions were to be filed by February 12, 2016.

On November 30, 2015, defendant filed the pending Motion to Compel/Motion to

---

[1] Because of the lack of progress that had occurred in this case, the March 2015 Order ordered plaintiff's pro bono counsel or plaintiff to do one of the following: (1) plaintiff's pro bono counsel files his Status Report, communicates with his client and discusses fully the merits of the lawsuit, and then contacts both defense counsel and the Court to schedule a continued status conference; (2) plaintiff's pro bono counsel files a Motion for Relief from Appointment consistent with all the provisions of Local Rule 83.10(d); or (3) plaintiff herself files a Motion for Discharge pursuant to Local Rule 83.10(e). (At 4). As a result of this order, plaintiff's pro bono counsel filed a Status Report (Dkt. 79), indicating that plaintiff was obtaining copies of her medical records from the DOC and after her release.

Extend Time for Discovery (Dkt. #85),[2] in which counsel represented that plaintiff's pro bono counsel had agreed to provide responses to Defendant's First Set of Interrogatories and Requests for Production by November 20, 2015, but later indicated that he had not heard back from his client. On December 23, 2015, plaintiff filed her own pro se brief in opposition (Dkt. #86), in which she complains that defendant has not been in compliance with her discovery responses (although she does not indicate what is outstanding), and that she has had no communication with the pro bono attorney since an in-person status conference held on May 13, 2015. (See Dkts. ##82-83).

On December 29, 2015, defendant filed its Motion for Oral Argument/Motion to Extend Time for Discovery/Motion to Dismiss (Dkt. #87), in which defense counsel represents that contrary to plaintiff's assertions, defendant has not delayed this litigation, and that according to plaintiff's pro bono counsel, plaintiff has not provided copies of her medical records as promised. The next day, plaintiff filed her own pro se brief in opposition (Dkt. #88), in which she asserts that she never received any discovery requests from defendant or her pro bono counsel, plaintiff finally reached pro bono counsel on December 23, 2015, defendant has not responded to her discovery requests (but again without any specificity), defendant already has her medical records, and plaintiff wishes to subpoena four witnesses.[3]

The amount of micro-managing required by the Court in this file is simply shameful. (See March 2015 Order, at 4, n.2). **On or before February 26, 2016**, plaintiff's pro bono

---

[2] Attached is a copy of Defendant's First Set of Interrogatories and Requests for Production, dated October 20, 2015 (although the name of the plaintiff is incorrect).

[3] It goes without saying that any briefs in opposition should have been filed by plaintiff's pro bono counsel, and not by plaintiff herself pro se.

counsel must communicate with his client and provide copies of **all** of plaintiff's medical records to defendant, including those following her release from prison, and file a Status Report reflecting the same.  If the relationship between plaintiff and pro bono counsel is untenable, then, consistent with the March 2015 Order, **on or before February 26, 2016**, either  plaintiff's pro bono counsel shall file a Motion for Relief from Appointment consistent with all the provisions of Local Rule 83.10(d), or plaintiff herself shall file a Motion for Discharge pursuant to Local Rule 83.10(e), or both.

The discovery deadline is extended, once again, until **April 29, 2016**, including expert discovery, and all dispositive motions are to be filed **on or before May 31, 2016**.

Accordingly, defendant's two motions (Dkts. ##85 & 87) are granted in part to the extent set forth above.

Dated this 19th day of January, 2016, at New Haven, Connecticut.

    /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge