IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
CHARLOTINE DUVERGE                   :        3:10 CV 1922 (JGM)
:
v.                                                        :
:
UNITED STATES OF AMERICA        :
:        DATE: APRIL 29, 2016
---------------------------------------------------------x

RULING ON DEFENDANT'S MOTIONS TO DISMISS

The factual and procedural history behind this litigation has been set forth in considerable detail in this Magistrate Judge's Ruling on Defendant's Motion for Summary Judgment, filed April 7, 2014 (Dkt. #68), Order Regarding Appearance for Plaintiff, filed March 25, 2015 (Dkt. #78)["March 2015 Order"], Ruling on Defendant's Pending Motions, filed January 19, 2016 (Dkt. #89)["January 2016 Ruling"], and Order Regarding Status Reports, filed March 2, 2016 (Dkt. #90)["March 2016 Order"].  The second to last paragraph of the January 2016 Ruling provided as follows:

> The amount of micro-managing required by the Court in this file is simply shameful. **On or before February 26, 2016**, plaintiff's pro bono counsel must communicate with his client and provide copies of **all** of plaintiff's medical records to defendant, including those following her release from prison, and file a Status Report reflecting the same. If the relationship between plaintiff and pro bono counsel is untenable, then, consistent with the March 2015 Order, **on or before February 26, 2016**, either plaintiff's pro bono counsel shall file a Motion for Relief from Appointment consistent with all the provisions of Local Rule 83.10(d), or plaintiff herself shall file a Motion for Discharge pursuant to Local Rule 83.10(e), or both.

(At 2-3)(internal citations omitted)(emphasis in original). The discovery deadline was extended, "once again," until today, including expert discovery, and the deadline for dispositive motions was extended until May 31, 2016.  (At 3).

After the deadline of February 26, 2016 came and passed without any compliance on

plaintiff's side, the March 2016 Order provided as follows:

> Despite the clear directive of the January 2016 Ruling, plaintiff failed to file any Status Report regarding compliance with discovery or a Motion for Relief from Appointment by February 26, 2016.  If such Status Report or Motion for Relief from Appointment is not filed **on or before March 11, 2016**, the Court will entertain a Motion to Dismiss filed by defendant for plaintiff's non-compliance with the January 2016 Ruling and for the previous instances of non-compliance addressed in the March 2015 Order and January 2016 Ruling.

(At 1-2)(emphasis in original).

With the March 11, 2016 deadline having lapsed without any compliance on plaintiff's side, on March 14, 2016, defendant filed the pending Motion to Dismiss (Dkt. #91), which motion prompted plaintiff's pro bono counsel the next day to file his Motion to Continue Date for Status Report Nunc Pro Tunc (Dkt. #92), seeking an extension until April 1, 2016. Plaintiff's counsel explained that he had "forgotten[]" the date because he was on trial in a murder case in the Connecticut Superior Court.  (Id.).   The Magistrate Judge granted plaintiff's motion two days later.  (Dkt. #93).

The April 1, 2016 deadline having come and gone without any compliance on plaintiff's side, on April 4, 2016, defendant filed its Renewed Motion to Dismiss (Dkt. #94), thereby prompting plaintiff's pro bono counsel to file the long-awaited Status Report (Dkt. #95) that day.  In this Status Report, plaintiff's pro bono counsel represents that he forwarded defendant's discovery requests to plaintiff in late January 2016, in mid-February 2016 plaintiff indicated that she would be returning them to him shortly, in late March 2016 she inquired of him whether he had received her responses to which he responded in the negative and asked her to re-send them, and that he has not received anything further from her.  (Dkt. #95, ¶¶ 2-3).  Plaintiff's pro bono counsel also represents that it may be necessary for plaintiff to travel to his office to complete the interrogatory responses, and she

2

can be deposed thereafter. (Id., ¶¶ 4-8).[1]

As previously indicated, in the January 2016 Ruling, the Court "once again" extended the discovery deadline until today, and also extended the deadline for dispositive motions until May 31, 2016.  (At 3).  It is simply unfathomable, in these days of truly supersonic communications, that discovery requests that were supposedly forwarded to plaintiff's pro bono counsel in mid-February 2016 and that were supposedly requested to be re-sent in late March 2016 still have not been forwarded to defense counsel.  Accordingly, **for the very last and final time**, the deadline is extended until **May 31, 2016**, for defendant to receive **full and complete** responses to the pending discovery requests, the deadline for the completion of discovery is extended until **July 29, 2016**, and the deadline for all dispositive motions, including expert discovery, is extended until **August 31, 2016**.  If defense counsel does not receive **full and complete** responses to the pending discovery requests by **May 31, 2016**, the Court will not hesitate, sua sponte, or upon motion by defendant, to dismiss this case with prejudice.

Accordingly, defendant's Motions to Dismiss (Dkts. ##91 & 94) are denied without prejudice to renew as appropriate.

---

[1]On April 14, 2016, plaintiff filed her Pro Se Motion [sic] Opposing Defendant['s] Motion to Dismiss and Request for a Trial Date (Dkt. #96), in which she represents that she mailed her responses to pro bono counsel in late February 2016 and is waiting to hear back from him.  (At 2). As the Court noted in the January 2016 Ruling, "It goes without saying that any briefs in opposition should have been filed by plaintiff's pro bono counsel, and not by plaintiff herself pro se." (At 2, n.3).

Dated this 29th day of April, 2016, at New Haven, Connecticut.


                                           /s/ Joan G. Margolis, USMJ
                                           Joan Glazer Margolis
                                           United States Magistrate Judge