IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
CHARLOTINE DUVERGE                 :    3:10 CV 1922 (JGM)
:
v.                                 :
:
UNITED STATES OF AMERICA           :
:    DATE: AUGUST 2, 2016
------------------------------------------------------x

RULING ON DEFENDANT'S SECOND RENEWED MOTION TO DISMISS AND ON MOTION
TO WITHDRAW AS [PRO BONO] COUNSEL

The factual and procedural history behind this litigation has been set forth in considerable detail in this Magistrate Judge's Ruling on Defendant's Motion for Summary Judgment, filed April 7, 2014 (Dkt. #68), Order Regarding Appearance for Plaintiff, filed March 25, 2015 (Dkt. #78), Ruling on Defendant's Pending Motions, filed January 19, 2016 (Dkt. #89), Order Regarding Status Reports, filed March 2, 2016 (Dkt. #90), and Ruling on Defendant's Motions to Dismiss, filed April 29, 2016 (Dkt. #97)["April 2016 Ruling"]. The final paragraph of the April 2016 Ruling provided as follows:

> **[F]or the very last and final time**, the deadline is extended until **May 31, 2016**, for defendant to receive **full and complete** responses to the pending discovery requests, the deadline for the completion of discovery is extended until **July 29, 2016**, and the deadline for all dispositive motions . . . is extended until **August 31, 2016**.  If defense counsel does not receive **full and complete** responses to the pending discovery requests by **May 31, 2016**, the Court will not hesitate, sua sponte, or upon motion by defendant, to dismiss this case with prejudice.

(At 3)(emphasis in original).

On June 1, 2016, defendant filed its Second Renewed Motion to Dismiss (Dkt. #98), in that plaintiff failed to provide "full and complete" responses to the outstanding discovery by the May 31, 2016 deadline.  One week later, plaintiff's pro bono counsel filed his Motion to Withdraw as [Pro Bono] Counsel (Dkt. #99), in which he represented that as a solo

practitioner, plaintiff required "assistance in her case beyond the capability of [his] office[,]" particularly given that plaintiff resides out of state.  (At 1-2).

On June 22, 2016, plaintiff forwarded to the Clerk's Office in New Haven her pro se responses to the discovery requests, as well as her objection to both motions; copies were forwarded to both counsel on June 28, 2016.  A status conference was held before this Magistrate Judge on July 27, 2016 (Dkts. ##100-01), at which defense counsel described plaintiff's pro se responses as "wholly inadequate" and contended that defendant has been "hamstrung" in defending this lawsuit; plaintiff's pro bono counsel indicated that while he lacks the resources to assist through the discovery process, particularly since plaintiff needs an attorney who can meet with her in person, he is nonetheless willing to assist her at a bench trial.

Contrary to the clear directives of the April 2016 Ruling, plaintiff's discovery responses were not "full and complete" and were one month late, but at least this time she made some effort to comply with the Court's order.  The Court thanks Attorney Ahern for his two-year tenure on this file (see Dkt. #70), and grants his Motion to Withdraw As [Pro Bono] Counsel (Dkt. #99), with appreciation for his service.  The Clerk's Office is directed to find substitute pro bono counsel for plaintiff, at least for the purpose of completing discovery. Consistent with the April 2016 Ruling, **for the very last and final time**, the deadline is extended until **September 16, 2016**, for defendant to receive **full and complete** responses to the pending discovery requests; the deadline for the completion of discovery, including expert discovery, is extended until **October 28, 2016**; and the deadline for all dispositive motions is extended until **November 30, 2016**.   If defense counsel does not receive **full and complete** responses to the pending discovery requests by **September 16,**

**2016**, the Court will not hesitate, sua sponte, or upon renewed motion by defendant, to dismiss this case with prejudice.[1]  As a result, defendant's Second Renewed Motion to Dismiss (Dkt. #98) is denied without prejudice to renew, as appropriate.

Dated this 2nd day of August, 2016, at New Haven, Connecticut.

   /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[1]These deadlines will be extended **only** if the Clerk's Office has difficulty in locating substitute pro bono counsel for plaintiff.