IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
CHARLOTINE DUVERGE            :         3:10 CV 1922 (JGM)
:
v.                            :
:
UNITED STATES OF AMERICA      :
:         DATE: JANUARY 30, 2018
------------------------------------------------------x

RULING ON DEFENDANT'S MOTION IN LIMINE AND
ORDER REGARDING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENAS

Familiarity with the extensive litigation history of this case is presumed. On December 11, 2017, the Court and defense counsel received a six-page letter from plaintiff, dated December 5, 2017 ["December 5th Letter"], in which plaintiff reiterates her claims, asserts additional allegations, lists her demand for damages, and "request[s] . . . the Court['s] assistance to subpoena . . . individuals to come testify under oath on the upcoming schedule[d] bench trial . . . ." (Dkt. # 145, at 3). Specifically, in the December 5th Letter plaintiff listed six proposed witnesses for whom she sought subpoenas, as follows: (1) Mr. Perkins, counselor Perkins' husband who was present during the May 4, 2008 incident at issue; (2) Lieutenant Reid, who witnessed the May 4, 2008 incident;[1] (3) PA Parella, who plaintiff claims examined and diagnosed her with a heart attack and asthma attack; (4) "[t]he orthopedic doctor[,]" who ordered surgical repair of plaintiff's right foot, right shoulder, right knee, and two ankle braces, and who administered "pain shots" to plaintiff and placed plaintiff on "leave of absence for [six] months after the incident[]"; (5) Officer Ray, who took plaintiff to Danbury Hospital; and, (6) Dr. Collins, the primary care doctor at FCI Waseca. (Id. at 3-5). Defendant objects to the issuance of subpoenas on several grounds, which will

---

[1]Defendant intends to call Reid as a witness (Dkt. #147, at 2-3), so there is no dispute regarding him.

be addressed below.[2]  (Dkt. #147, Exh. 3, at 1-3).

Additionally, in her December 5th Letter, and again in her Memorandum filed on January 16, 2018 (Dkt. #148; see also Dkt. #147, Exh. 1) in accordance with this Court's Pretrial Order, plaintiff claims that she was improperly administered medication; that she was not prescribed proper medical care and treatment; and that proper medical care and treatments were delayed, thereby causing her injuries to become permanently disabling. (Dkt. #148, at 2-3).  Additionally, plaintiff requests information relating to the distance from the prisoner living quarters, and the number of stairs plaintiff had to climb despite plaintiff's counselor's "[]knowledge[] that [p]laintiff suffer[ed from] asthma[.]" (Id. at 3).

In response, defendant has filed a Motion in Limine (Dkt. #147, Exh. 2) seeking the following orders: (1) barring the production of and testimony from PA Parella, consistent with this Court's Order, filed January 11, 2018 (Dkt. #144)["January 11th Order"](id. at 1); (2) ordering plaintiff to produce the name of the specific physician to whom she refers to as the "orthopedic doctor" (id. at 1-2), as there are "seven different doctors referenced in plaintiff's medical records for the time period 2008-2009[]" (Dkt. #147, Exh. 3, at 1-2); (3) precluding plaintiff from asserting that the 8th Amendment applies to this Federal Tort Claims Act case (Dkt. #147, Exh. 2 at 3); (4) precluding plaintiff from requesting additional discovery as discovery has closed in this case (id.); (5) restricting the breadth of testimony offered on behalf of plaintiff (id. at 2-3); and, (6) prohibiting plaintiff from testifying in narrative form, but rather, requiring plaintiff to "submit a list of questions in advance to the Court and to the United States so that her answers will follow the questions allowed by the Court." (Id. at 3-5).  Under the Pretrial Order, filed November 20, 2017 (Dkt. #135), plaintiff was to respond

---

[2] See Section I.C. infra.

2

to any Motions in Limine by January 26, 2018 (¶ 1(e)), but has failed to do so.

## I. DISCUSSION

### A. CLAIM AT ISSUE

As stated in this Court's Ruling on Defendant's Motion for Summary Judgment, October 31, 2017, 2017 WL 4927658 ["October 2017 Ruling"], and repeated in this Court's January 11th Order,

> this case is limited to [plaintiff's] claim of negligence arising out of the injury she claims she suffered to her right shoulder, right knee and right foot only. See 2017 WL 4927658, at *9-14, 18. This is the only claim that survived summary judgment. Accordingly, plaintiff cannot offer any evidence relating to her medical malpractice claim, which is her claim that as a result of a delay in care and a failure to provide proper medical treatment, her condition worsened and is now disabling. See 2017 WL 46927658, at *15-18. That claim is no longer part of this case.

(January 11th Order, at 3-4). Contrary to plaintiff's understanding as reflected in her Pretrial Memorandum, this is not an 8th Amendment case, nor a case brought under the 14th Amendment. (Dkt. #148, at 2-3). It is a claim brought under the Federal Tort Claims Act, and the only issue remaining for the Court's consideration is plaintiff's claim of negligence. To be clear, plaintiff's claim relating to a heart attack, plaintiff's claims regarding her asthma, and the number of stairs and distances she had to walk, or allegations regarding the sexual preferences of BOP officers, are irrelevant to this case and plaintiff is precluded from offering any evidence related to or in support of these allegations.

### B. TESTIMONY

Federal Rule of Evidence 103(d) provides that "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." This is particularly important in a case involving self-represented party. Moreover, pursuant to Federal Rule of Evidence 611, the court

should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:

(1) make those procedures effective for determining the truth;

(2) avoid wasting time; and

(3) protect witnesses from harassment or undue embarrassment.

FED. R. EVID. 611(a). "This duty is no different for pro se litigants. Rather, like all other litigants, they must comply with substantive and procedural courtroom rules." United States v. Beckton, 740 F.3d 303, 306 (4th Cir.), citing Faretta v. California, 422 U.S. 806, 834 n. 46 (1975)(explaining that self-representation is not a license to ignore "relevant rules of procedural and substantive law[]"), cert. denied, 134 S. Ct. 2323 (2014).

"District courts enjoy broad latitude in this realm, because '[q]uestions of trial management are quintessentially the[ir] province.'" Beckton, 740 F.3d at 306, quoting United States v. Smith, 452 F.3d 323, 332 (4th Cir.)(additional citation omitted), cert. denied sub nom. Smallwood v. U.S., 549 U.S. 1066 (2006). Trial management includes "such concerns as whether testimony shall be in the form of a free narrative or responses to specific questions[,]" FED. R. EVID. 611 advisory committee's note to 1972 proposed rules, and it is within the district court's discretion to determine the form of testimony. See Beckton, 740 F.3d at 306 (citations & internal quotations omitted); see also Geders v. United States, 425 U.S. 80, 86-87 (1976)("The trial judge must meet situations as they arise and to do this must have broad power to cope with the complexities and contingencies inherent in the adversary process. . . . Within limits, the judge . . . may refuse to allow cumulative, repetitive, or irrelevant testimony; and may control the scope of examination of witnesses. If truth and fairness are not to be sacrificed, the judge must exert substantial control over the proceedings." (citations omitted)); see United States v. Young, 745 F.2d 733, 761 (2d Cir.

1984)(The Second Circuit has made clear, it is well within the "broad discretion" of the trial court to "decid[e] whether or not to allow narrative testimony.")(citations omitted), cert. denied sub nom. Myers v. U.S., 470 U.S. 1084 (1985)).

Plaintiff shall testify like all other witnesses in this trial, in a manner that "assure[s] opposing counsel the opportunity to lodge any objection prior to [plaintiff stating her] answer." See Beckton, 740 F.3d at 306. Plaintiff shall pose a question, give defendant an opportunity to object before answering, and then answer. Defendant, however, is not granted the opportunity to review the questions in advance, but rather, will be allowed the opportunity to object, as appropriate, before plaintiff gives her answers.

C. SUBPOENAS

1. PA PARELLA

After consideration of plaintiff's December 5th Letter, and defense counsel's response (see Dkt. #136; see also Dkt. #143), this Court issued its January 11th Order,

> remind[ing] [plaintiff] that her allegation relating to having suffered a mild heart attack is no longer part of this case, and therefore, plaintiff cannot offer any evidence to support that claim. See 2017 WL 4927658, at *9 ("Thus, in the utter absence of any evidence to support her claim, defendant's Motion for Summary Judgment as to plaintiff's claim that she suffered a heart attack as a result of the negligence of Counselor Perkins is granted.").

(At 3)(emphasis in original). Accordingly, to the extent plaintiff seeks to have PA Parella produced to testify about her having suffered a heart attack, such testimony is not relevant to the claim remaining in this case and PA Parella is precluded from testifying on that issue. Additionally, as stated above, to the extent that plaintiff seeks to elicit testimony about her asthma attack itself, such testimony is not relevant to the remaining negligence claim arising out of the actions of Keisha Perkins on May 4, 2008. Accordingly, the testimony plaintiff seeks from PA Parella is precluded from this trial.

## 2. "ORTHOPEDIC DOCTOR" AND LOREN PERKINS

In response to plaintiff's request to subpoena "[t]he orthopedic doctor[,]" who ordered surgical repair of plaintiff's right foot, right shoulder and right knee, who ordered two ankle braces, and who administered "pain shots" to plaintiff and placed plaintiff on "leave of absence for [six] months after the incident[]" (see December 5th Letter, at 5), defendant asserts that there are no less than seven doctors who treated plaintiff during 2008-2009: Dr. Sanders, Dr. Laurig, Dr. Collins, Dr. Blanco, Dr. Greene, Dr. White, and Dr. Ehrilch. (Dkt. #147, Exh. 3 at 1-3).

According to defendant, Dr. Collins and Mr. Perkins have retired from the BOP and are beyond the control of the BOP to compel attendance. (Dkt. #147, Exh. 3 at 2). Additionally, defendant contends "[u]pon information and . . . belie[f]" both are "located out of State and well beyond the 100 mile limit" set forth in Federal Rule of Civil Procedure 45(c)(1)(A). (Id.); see FED. R. CIV. P. 45(c)(1)(A) (a person may be subpoenaed to testify at trial provided the trial is within 100 miles of where the person resides, is employed, or regularly transacts business).

Additionally, defendant contends that for Dr. Sanders, Dr. Lauring, Dr. Greene, and Mr. Perkins, plaintiff would have to comply with the Touhy regulations of 28 C.F.R. § 16 et seq., such that she would need to submit a statement pursuant to 28 C.F.R. § 16.23 to defense counsel who would then have to make a determination pursuant to 28 C.F.R. § 16.26 as to whether or not the proposed testimony should be authorized. (Dkt. #147, Exh. 3, at 2-3).

Regulations, promulgated pursuant to the so-called "Housekeeping Statute," 5 U.S.C. § 301, are known as "Touhy" regulations, after the U.S. Supreme Court decision upholding

6

the validity of such regulations in United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). See Wultz v. Bank of China Ltd., 61 F. Supp. 3d 272, 278 (S.D.N.Y. 2013). In Touhy, the Supreme Court held that "agency employees could not be held in contempt of court for refusing to respond to a subpoena, if instructed not to respond by a superior. In other words, once agencies have enacted these so-called Touhy regulations (and assuming the regulations are valid), government employees cannot be forced to testify." Agility Pub. Warehousing Co. K.S.C.P. v. U.S. Dep't of Def., 246 F. Supp. 3d 34, 41 (D.D.C. 2017); citing Bobreski v. EPA, 284 F. Supp. 2d 67, 73 (D.D.C. 2003)(briefly explaining the history of Touhy and Touhy regulations). As explained by the D.C. Circuit and the Fourth Circuit,

> [t]he purpose of such regulations, which typically limit the occasions on which the government will produce documents or agency employees for testimony, is "to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business."

Agility Pub. Warehousing, 246 F. Supp. 3d at 41, quoting Boron Oil Co. v. Downie, 873 F.2d 67, 70 (4th Cir. 1989).

The Bureau of Prisons, as a subdivision of the Department of Justice, is governed by the Department of Justice's Touhy regulations set forth in 28 C.F.R. §§ 16.21 et seq. These regulations set forth the procedures to be followed with respect to, inter alia, "any information acquired by any person while such person was an employee of the Department as part of the performance of that person's official duties or because of that person's official status[,]" and applies in all federal and state proceedings in which the United States is or is not a party. 28 C.F.R. §§ 16.21(a)(1)-(2). In a case such as this, in which the United States is party, ". . . [a]n attorney shall not reveal or furnish any . . . testimony or information when, in the attorney's judgment, any of the factors specified in § 16.26(b) exists, without

7

the express prior approval of the Assistant Attorney General in charge of the division responsible for the case or proceeding . . . ." 28 C.F.R. § 16.23(a). Additionally,

> If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

28 C.F.R. § 16.23(c). Once a party complies with the foregoing, a determination must be made as to whether disclosure should be made pursuant to the demand. Specifically, 28 C.F.R. § 16.26 provides, in part:

> (a) In deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider:
>
> > (1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and
> >
> > (2) Whether disclosure is appropriate under the relevant substantive law concerning privilege.
>
> (b) Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exists:
>
> > (1) Disclosure would violate a statute . . . ,
> >
> > (2) Disclosure would violate a specific regulation;
> >
> > (3) Disclosure would reveal classified information, unless appropriately declassified . . . ,
> >
> > (4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or information have no objection,
> >
> > (5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired[.]
> > . . . . .

In this case, plaintiff has not submitted a statement pursuant to 28 C.F.R. § 16.23, and, in its absence, defense counsel has not made a determination pursuant to 28 C.F.R. § 16.26 as to whether or not the proposed testimony sought from plaintiff's proposed witnesses should be authorized.[3]

According to defendant, the Touhy regulations are inapplicable to Dr. White, Dr. Blanco and Dr. Ehrilch, because they were never employed by the BOP. (Dkt. #147, Exh. 3, at 3). However, defendant "believe[s] that Dr. Blanco is still in private practice in . . . Connecticut[]"; defendant "could not . . . confirm[] whether or not Dr. White" is still within the jurisdiction of this Court; and, "it is not clear from the records" Dr. Ehrilch's gender or his/her employer. (Id. at 2-3). Before ordering defendant to clarify whether Drs. White, Blanco, Ehrilch are within the Court's jurisdiction, plaintiff shall endeavor to identify exactly to which doctor she is referencing as the "orthopedic doctor[.]"

### 3. OFFICER JULIE RAY

Defendant contends that although Officer Ray still works for BOP, she is no longer

---

[3] "Absent a waiver of sovereign immunity, a federal agency, as representative of the sovereign, cannot be 'compel[led] . . . to act.'" In re S.E.C. ex rel. Glotzer, 374 F.3d 184, 190 (2d Cir. 2004), quoting United States Envtl. Prot. Agency v. General Electric Co., 197 F.3d 592, 597 (2d Cir. 1999)["EPA v. GE"]. However,

> [i]n enacting the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 703 et seq., . . . Congress waived sovereign immunity with respect to those "action[s] in a court of the United States" which seek review of "agency action." In EPA v. GE [], the Second Circuit held that a "motion to compel agency compliance with a subpoena qualifie[s] as an 'action' seeking review of 'agency action' for purposes of APA § 702, and therefore, . . . a federal court's consideration of such a motion [does] not violate sovereign immunity."

Abdou v. Gurrieri, No. 05 CV 3946(JG)(KAM), 2006 WL 2729247, at *3 (E.D.N.Y. Sept. 25, 2006), quoting Glotzer, 374 F.3d at 190, citing and upholding EPA v. GE, 197 F.3d at 599 (footnote omitted). However, a court's review only follows after the agency refuses to comply with the subpoena. In this case, the request was not made pursuant to the DOJ's Touhy regulations, and consequently, there has not been a final agency action.

employed at FCI Danbury, and works "well beyond the jurisdictional boundary set by Rule 45." (Dkt. #147, Exh. 3, at 3). Defendant, however, does not identify where Officer Ray is located, so that the Court cannot ascertain if she, in fact, is located outside of the 100 miles set forth in Rule 45(c)(3)(a). See FED. R. CIV. P. 45(c)(3)(a person may be subpoenaed to testify at trial provided the trial is within 100 miles of where the person resides, is employed, or regularly transacts business).

Defendant contends that even if Officer Ray was within the subpoena power of the Court, in order to call her as a witness, plaintiff would have to satisfy the Touhy requirements under 28 C.F.R. § 16.23 and 28 C.F.R. § 16.26. (Dkt. #147, Exh. 3, at 3). Defendant adds that Officer Ray "has no recollection of the trip out for treatment on the day in question." (Id.). As stated above, plaintiff has not submitted a statement pursuant to 28 C.F.R. § 16.23, and, in its absence, defense counsel has not made a determination pursuant to 28 C.F.R. § 16.26 as to whether or not the proposed testimony should be authorized.

## II. CONCLUSION

For the reasons stated above, defendant's Motion in Limine (Dkt. #147, Exh. 2) is granted in part such that plaintiff may **not** offer evidence and testimony relating to her claim of a heart attack or regarding her asthma, nor can she offer evidence relating to the sexual preferences of BOP officers or other conduct relating to her confinement with the BOP. Plaintiff may **not** offer evidence or testimony relating to any claim of 8th or 14th Amendment violations as those are not part of this case. As explained above, **plaintiff must prepare questions and must testify in a question and answer format, rather than telling her version of the events in narrative form, so as to allow defense counsel an opportunity to object in a timely fashion at trial**.

10

In addition, with respect to the six witnesses proposed by plaintiff, PA Parella is precluded from testifying. **On or before February 5, 2018**, defense counsel shall notify the Court (in a sealed document, if requested), the locations of Mr. Perkins, Dr. Collins, and Officer Ray, so that the Court can confirm that such individuals are beyond the subpoena powers of the Court; if any of them are within the Court's subpoena powers, then plaintiff shall submit her Touhy statement to defense counsel **on or before February 7, 2018**. Similarly, **on or before February 5, 2018**, plaintiff shall inform defense counsel and the Court of the name of the "orthopedic doctor[,]" and depending on which doctor is identified, plaintiff may be required to submit a Touhy statement to defense counsel **on or before February 7, 2018**.

In the interest of time, defense counsel shall send a copy of this order to the self-represented party's email address as it is listed in Dkt. #130, at 2. An additional copy will be mailed by the Court.

Dated this 30th day of January, 2018, at New Haven, Connecticut.

                                                                    _/s/ Joan G. Margolis, USMJ_____
                                                                     Joan Glazer Margolis
                                                                     United States Magistrate Judge